**UNITED STATES DISTRICT COURT**
**Western District of Texas**
**Austin Division**

| | | |
|---|---|---|
| THOMAS DOUGHTY, individually and on behalf of the classes, | § § § | |
| Plaintiff, | § § | CA No.: 1:24-cv-01190-DII |
| v. | § § | |
| | § | Class Action |
| BRIGHT SOLAR MARKETING, LLC, | § § | Jury Demanded |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff THOMAS DOUGHTY, hereby moves, pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rules CV-7 and CV-26, for an order compelling Defendant BRIGHT SOLAR MARKETING, LLC ("Bright Solar") to provide complete Initial Disclosures, produce documents and ESI responsive to Plaintiff's request for production, provide complete answers to Plaintiff's interrogatories, and to supplement and amend its discovery responses, and in support thereof states:

### I. <u>Introduction</u>

This case arises from Bright Solar's violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code § 302.101 ("TBC"). Plaintiff alleges that Bright Solar placed unauthorized and unwanted telemarketing calls to him despite Plaintiff repeatedly requesting Bright Solar to stop calling him. Plaintiff has identified 137 telemarketing calls that were placed by or on behalf of Bright Solar. Am. Comp. ¶ 50. When Plaintiff spoke with Bright Solar's agents, the callers said they were calling from "Bright Solar." *Id*. ¶ 22 – 43.

II.    **Discovery at Issue in this Motion**

    1)    Bright Solar's Rule 26 Initial Disclosures served March 7, 2025. (Attached as
**Exhibit 1**)

    2)    Bright Solar's answers to Interrogatories served March 24, 2025. (Attached as
**Exhibit 2**); and

    3)    Bright Solar's responses to Request for Production served March 24, 2025.
(Attached as **Exhibit 2**)

III.    **Summary of Issues and Discovery to be Compelled**

Bright Solar has gone to great lengths to conceal its true identity and the legal entit(ies)
involved with placing its telemarking calls – both in the real world, and in this litigation.

For example, despite the callers stating they were calling from "Bright Solar," a
company called "Freedom Forever, LLC" ("Freedom Forever") responded to Plaintiff's pre-notice
of the violations and stated that it had consent to contact Plaintiff. Freedom Forever did not respond
to Plaintiff's pre-suit request for evidence of the alleged consent or provide Freedom Forever's
relationship to Bright Solar. Am. Compl. ¶ 55. Instead, Plaintiff then received a telemarketing call
directly from Freedom Forever. *Id*. 56. In responding to Plaintiff's original Complaint, Bright Solar
and Freedom took the legal and factual position that Plaintiff was improperly "lumping the two . .
. together and treating them as one. *Defendants are entirely separate entities*." *See* Bright Solar
and Freedom's Mot. to Dismiss [Doc. No. 5]. Given Bright Solar's legal position, Plaintiff filed an
Amended Complaint against Bright Solar only and served his initial discovery requests.

Now, Bright Solar has failed to substantively respond to a single discovery request or
produce any documents or ESI based on its contention that Bright Solar has no employees, officers,
directors, or operations, and that *it* did not place any calls to Plaintiff.

The undersigned counsel engaged a discovery conferral with Bright Solar's counsel. Bright Solar, through counsel, does not dispute that "Bright Solar" is a subsidiary or related entity to Freedom Forever, and that it places calls to prospective leads it receives from a company called High Roller Marketing on behalf of Freedom Forever. Bright Solar places the calls to potential customers, and Freedom Forever provides the physical solar services. However, Bright Solar contends that another one of its affiliated "Bright Solar" legal entities places the calls, not the named Defendant entity, Bright Solar Marketing, LLC. Yet, Bright Solar refuses to identify the legal entity that it contends places its class, and it refuses to respond to discovery based on its contention that a different legal entity should be the named Defendant.

### Initial Disclosures

Bright Solar's Initial Disclosures are deficient. Bright Solar fails to identify the legal entity that placed the calls to Plaintiff, the legal entity on whose behalf the calls were placed, and the legal entity of the company it refers to as High Roller Marketing. Bright Solar did not even identify itself in its Initial Disclosures. Instead, Bright Solar listed a purported company called "Freedom Solar Services dba Bright Solar Marketing," and stated its contact information as "Freedom Forever's counsel."

Bright Solar should be compelled to serve full and complete initial disclosures that identify the legal entity that placed the calls, the legal entity on whose behalf the calls were placed, and the legal entity of the company it refers to as High Roller Marketing.

### Answers to Interrogatories

Bright Solar failed to substantively respond to Plaintiff's interrogatories based on its contention that "it" didn't place the calls and that a different entity should be the named Defendant.

Bright Solar even failed to answer a basic interrogatory asking for the name of the company who placed the calls (*See* Interrog. No. 4).

Bright Solar should be compelled to provide full and complete interrogatory answers to all of Plaintiff's interrogatories because the information sought is within its knowledge, possession, custody, and control irrespective of the named legal entity Defendant.

### Request for Production

Bright Solar also failed to substantively respond to Plaintiff's request for production based on its contention that a different entity should be the named Defendant because "it" didn't place the calls.

Bright Solar should be compelled to provide full and complete responses to Plaintiff's document and ESI requests, and a complete production, because the documents and information sought are within its knowledge, possession, custody, and control irrespective of the named legal entity Defendant.

### IV.    The Discovery Sought is Within Bright Solar Marketing, LLC's knowledge, possession, custody, and control.

Bright Solar, Freedom Forever, Freedom Solar, and (likely) High Roller Marketing are effectively the same business.

First, Freedom Forever responded to Plaintiff's pre-suit notice letter sent to Bright Solar. This demonstrates that the calls were placed for or on behalf of Freedom Forever, that Bright Solar and Freedom Forever are associated companies, that an agency relationship exists between them, and that the "consent" that Freedom Forever claims it had was the basis for its and/or Bright Solar's mistaken belief that they were not required to honor Plaintiff's do not call requests.

Second, Bright Solar's website states that it is operated by "Freedom Solar." Am. Compl. ¶ 64

Third, investigation has revealed that both Bright Solar and Freedom Forever have been the subject of prior (and on-going) TCPA litigation involving them sending unwanted telemarketing calls, further demonstrating a joint common practice of continued and on-going violations.

Fourth, it is not disputed a "Bright Solar" entity placed the calls – the named Defendant just refuses to provide the name as shield to complying with its discovery obligations.

Fifth, Bright Solar's litigation counsel is the same counsel for "Freedom Solar Services," "Freedom Forever," and "High Roller Marketing" – the businesses identified in Bright Solar's Initial Disclosures.

Sixth, as part of the parties' conferrals, Bright Solar produced the purported consent it believes it had. Although Plaintiff disputes the validity of the consent provided because Plaintiff received 44 calls from Bright Solar prior to the date of the alleged consent, among other reasons, for purposes of this motion, it demonstrates possession, custody, and control over the discovery sought in this case.

"In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Moretti v. Hertz Corp.*, No. CV 14-469-LPS, 2018 WL 4693473, at *1 (D. Del. Sept. 30, 2018) (citing *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004).

## V.     The General Categories of Documents and Discovery Sought.

The below information is proportionate and relevant to the showings Plaintiff must make for his individual claims, and under Fed. R. Civ. P. 23 in his forthcoming motion for class certification. Plaintiff seeks data and call records for his own calls and account, and data pertaining to individuals that requested that Defendant stop calling but continued to receive calls.

a. **Identity of witnesses and legal entities** with knowledge of facts related to the subject claims and defenses, including knowledge of calls made to plaintiff and class members, call campaigns during relevant period, consent, TCPA compliance practices, and prior complaints.

Discovery at-issue:
Initial Disclosures
Interrogatory: 4, 17
Request for Production: 63

Pursuant to Local Rule CV-33(b)(1) & (4), this information is per se discoverable and not subject to objections, except upon a showing of exceptional circumstances.

b. **Outgoing Call campaigns** - The manner in which outbound call campaigns were performed by or on behalf of Bright Solar during the relevant time period. The manner in which lists of consumer telephone numbers are obtained. The manner in which prior consent was allegedly obtained to place calls and how records were created to memorialize the provision of this consent.

This data is proportionate to a significant common issue and common defense, and to the identification of class members.

Discovery at-issue:
Interrogatory: 3, 5, 6, 7, 8, 10, 11, and 16
Request for Production: 6, 7, 11, 12, 15, 16, 23, 41, 43, and 50

c. **Call lists** that identify all outgoing calls that are the subject of this action. The manner in which these lists are maintained, queried, and produced. For example, identifying and describing the use of calling platforms and customer relation management software ("CRM"). The relevant metadata that exists for Call lists, including date, time, call duration, and recordings for accounts/individuals that asked to no longer be called, like Plaintiff, and records of the calls placed to these individuals after their requests not to be called.

Discovery at-issue:
Initial Disclosures
Interrogatory: 1, 6, and 8
Request for Production: 1, 14, 17, 18, 24, 25, 26, 27, 28, 49, 51, 52, 53, 54, 55, 56, 57, 58, and 59

d. **Defendant's Records**

1. **Agreements and Contracts** between Bright Solar, Freedom Forever, Freedom Solar, and/or High Roller Marketing, and any call center or vendor involved with the call campaign, and relating to the provision of marketing services and placing outbound marketing calls or lead generation for or on behalf of Bright Solar.

2. **E-mails and other communications** from, by, or between Plaintiff, Bright Solar, Freedom Forever, Freedom Solar, and/or High Roller Marketing, and any other call center or vendor involved with placing outbound marketing calls or lead generation for or on behalf of Bright Solar regarding the Plaintiff, alleged TCPA complaints or violations, TCPA compliance, and/or do-not-call policies and procedures.

   Discovery at-issue:
   Initial Disclosures
   Request for Production: 3, 4, 5, 8, 9, 10, 29, 30, 31, 32, 33, 42, 45, and 46

e. **CRM Reports and/or call/consent records/details** showing call activity to Plaintiff and class members, any evidence of consent, do-not-call requests, and call notes, including call recordings.

   Discovery at-issue:
   Initial Disclosures
   Interrogatory: 1, 6, 7, 8, 9, 10, and 16
   Request for Production: 1, 7, 10, 11, 12, 13, 14, 17, 18, 24, 25, 26, 27, 28, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 66

f. **Defendant's ESI Systems, information systems, and other database systems -** ESI related to schemas, fields, layout, databases, or other data showing the fields and categories of Call Details and consumer information available.

   Discovery at-issue:
   Initial Disclosures
   Interrogatory: 1,10, and 12
   Request for Production: 2, 15, 47, and 48

g. **Defendants' knowledge of the TCPA, policies and procedures, and Complaints, including pre-suit notices and informal complaints** received by, mentioning, or involving Bright Solar, Freedom Forever, Freedom Solar, and/or High Roller Marketing, and any other call center or vendor involved with placing outbound

marketing calls or lead generation for or on behalf of Bright Solar (relevant to knowledge, willfulness, control, ratification – issue of agency).

<u>Discovery at-issue:</u>
Interrogatory: 13, 14, and 15
Request for Production: 20, 21, 22, 23, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 60, 61, 62, 69, and 70

## VI.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *3 (N.D. Tex. Jan. 21, 2022).Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery:

> Parties may obtain discovery regarding **any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiffs seeking to certify a class must make certain showings under Rule 23(a): (1) numerosity, (2) commonality of issues, (3) typicality of the class representatives' claims in relation to the class, and (4) adequacy of the class representatives and their counsel to represent the class. *Ahmad v. Old Republic Nat'l Title Ins. Co.*, 690 F.3d 698, 702 (5th Cir. 2012) (citing Fed.

R. Civ. P. 23(a)); *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *3 (N.D. Tex. Jan. 21, 2022)."Rule 23 does not set forth a mere pleading standard. [The Plaintiff] must affirmatively demonstrate [its] compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Rule 23(a) authorizes a member of a class of plaintiffs to sue as a representative of the class if certain requirements, "commonly referred to as numerosity, commonality, typicality, and adequacy of representation," are met. *Little v. T-Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012) (internal quotation and citation omitted). Implicit in Rule 23(a) is that a proposed class be "adequately defined and clearly ascertainable." *Id.* at 1304. The party seeking class certification "must . . . satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend,* 569 U.S. 27, 33 (2013).

The elements of Plaintiff's "TCPA claim[s] determine[] the scope of relevant discovery, pursuant to Rule 26(b)(1)." *Bellenger v. Accounts Receivable Mgmt.*, 2019 U.S. Dist. LEXIS 153672, *7, 2019 WL 4284070 (S.D. Fla. September 10, 2019).

District courts, however, routinely permit precertification discovery of call lists and call data in TCPA class actions. *See, e.g., Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *4 (N.D. Tex. Jan. 21, 2022); *Thomas v. Fin. Corp. of Am.*, No. 3:19-cv-152-E-BK, 2019 WL 5157022, at *2 (N.D. Tex. Oct. 10, 2019) (finding information regarding call lists and call data in putative TCPA class action was relevant and proportional to class certification issues such as numerosity, commonality, and typicality); *Warren v. Credit Pros Int'l Corp., No.* 3:20-cv-763-TJC-MCR, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto*

*Group, Inc., No.* 5:19-cv-2456-FMO-SP, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action "entitled to some class-wide discovery" at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank*, No. 3:16-cv-1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

## VII.    Conclusion

Based on the foregoing, Plaintiff requests that the Court compel Defendant to provide amended Initial Disclosures and discovery responses, and to fully respond to discovery and provide a complete production. This discovery is proportionate and important given the issues in the case, including but not limited to, for the purpose of ensuring the appropriate legal entities are named as defendants.

At a bare minimum, the Court should compel Defendant to fully identify all legal entities involved with the transmission of the subject calls, including the Bright Solar entity that placed the calls, and all records, call details, CRM reports, call notes, communications, and any other ESI related to Plaintiff and/or his telephone number, at this stage of the proceeding.

**CERTIFICATION OF GOOD FAITH CONFERRAL PURSUANT TO LOCAL RULE**

Undersigned Plaintiff's counsel certifies that he has conferred with Defendant's counsel in good faith regarding the issues presented in this Motion. Defendant's position is that it is premature to engage in discovery until the pleadings are closed. Defendant also disagrees with Plaintiff's "control" argument regarding its duty to provide information and produce documents and ESI that may be in the technical possession of its related, affiliated, or associated companies.

Dated: April 28, 2025

> */s/ Joshua H. Eggnatz*
> Joshua H. Eggnatz, Esq.
> Fla. Bar. No.: 0067926
> **EGGNATZ | PASCUCCI**
> 7450 Griffin Road, Suite 230
> Davie, FL 33314
> Tel: (954) 889-3359
> Fax: (954) 889-5913
> JEggnatz@JusticeEarned.com
> SGizzie@JusticeEarned.com
>
> *Attorney for Plaintiff*
>
> Chris R. Miltenberger, Esq.
> Texas Bar Number: 14171200
> **The Law Office of Chris R. Miltenberger, PLLC**
> 1360 N. White Chapel, Suite 200
> Southlake, TX 76092
> 817-416-5060 (office)
> 817-416-5062 (fax)
> chris@crmlawpractice.com
>
> *Designated as Lead Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 28th day of April 2025 I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Western District of Texas and served a true and correct copy thereof on all counsel of record using the CM/ECF System.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz

## SERVICE LIST

William J. Akins
State Bar No. 24011972
**PIERSON FERDINAND LLP**
2021 Guadalupe Street, Suite 260
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

Barry Goheen (*Pro Hac Vice*)
**PIERSON FERDINAND LLP**
100 Mount Paran Ridge
Atlanta, GA 30327-3561
Tel: (404) 703-3093
barry.goheen@pierferd.com

*Counsel for Defendant*