# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **THOMAS DOUGHTY, individually and on behalf of the classes,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 1:24-cv-01190-DII |
| **BRIGHT SOLAR MARKETING, LLC,** ) ) ) | |
| Defendant. | |

**INITIAL DISCLOSURES OF DEFENDANT, BRIGHT SOLAR MARKETING, LLC**

COMES NOW Defendant, Bright Solar Marketing LLC ("BSM"), by and through its undersigned attorneys of record, and submits the following initial disclosures pursuant to Federal Rule of Civil Procedure 26 to Plaintiff, Thomas Doughty.

**1.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE**: Freedom Forever has not yet identified all individuals who may have discoverable, nonprivileged information that may support their claims or defenses in this case. To date, Freedom Forever has identified the following:

(1) Thomas Doughty
   c/o Plaintiff's Counsel

Mr. Doughty is likely to have knowledge of the allegations contained in the Complaint, the circumstances giving rise to this lawsuit, and his alleged damages.

    (2) Any other person that has, or had, access to Plaintiff's device.

    (3) Ari McFarland – Director, Contact Centers – Freedom Solar Services dba Bright Solar Marketing
c/o Freedom Forever's counsel

    Ms. McFarland may have discoverable information concerning Plaintiff's claims and BSM's defenses to those claims.

    (4) Jack Brooks – Director, Marketing & Advertising – High Roller Marketing
c/o Defendant's counsel

    Mr. Brooks may have discoverable information concerning Plaintiff's claims and Defendant's defenses to those claims.

    (5) Any persons listed by Plaintiff.

BSM further states there may be additional witnesses upon whom BSM may rely to support its claims and defenses who are unknown to BSM at this time. Further, those individuals listed above may have information on subjects in addition to those noted above. BSM reserves the right to amend this disclosure as further information becomes available.

    **2.    Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE**: Discovery has just begun in the case and, moreover, BSM has not yet filed its answer to the operative Complaint. Accordingly, BSM does not have all information sufficient to list all documents responsive to this category. Nevertheless, with that qualification, BSM identifies the following:

    (1) Documents related to Plaintiff, particularly documents demonstrating any consent by Plaintiff to the events he now claims violated the Telephone Consumer Protection Act.

    (2) Documents in Plaintiff's possession.

    (3) Documents that may be relevant to any defenses BSM may assert in this case.

    (4) Any and all documents identified by Plaintiff.

    (5) Any and all documents needed for rebuttal or impeachment.

**3.     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

**RESPONSE**: BSM is not seeking damages at this time, but reserves the right to do so.

**4.      Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE**: Not applicable.

DATED:     March 7, 2025.

By: *s/ Barry Goheen*
William J. Akins
State Bar No. 24011972
PIERSON FERDINAND LLP
2021 Guadalupe Street
10501 Crow Wing Cove, Suite 260
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

Barry Goheen (*Pro Hac Vice*)
PIERSON FERDINAND LLP
100 Mount Paran Ridge
Atlanta, GA 30327-3561
Telephone: (404) 703-3093
barry.goheen@pierferd.com

*Attorneys for Defendant, Bright Solar Marketing, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2025, I electronically served the foregoing on the following counsel of record:

Chris Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
chris@crmlawpractice.com

Joshua H. Eggnatz
Eggnatz | Pascucci
7450 Griffin Road, Suite 230
Davie, FL 33314
JEggnatz@JusticeEarned.com
SGizzie@JusticeEarned.com

By: *s/ Barry Goheen*
    Barry Goheen