# EXHIBIT

# 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **THOMAS DOUGHTY, individually and on behalf of the classes,** | ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 1:24-cv-01190-DII** |
| **BRIGHT SOLAR MARKETING, LLC,** | ) ) ) | |
| **Defendant.** | | |

**OBJECTIONS AND RESPONSES OF DEFENDANT BRIGHT SOLAR MARKETING**
**LLC TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

COMES NOW Defendant, Bright Solar Marketing LLC ("BSM"), by and through its undersigned attorneys of record, and submits its Objections and Responses to Plaintiff's First Set of Discovery Requests ("Discovery Requests").

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS**

BSM makes the following objections to the Discovery Requests in response to the instructions and definitions provided by Plaintiff. To the extent this is not made clear below, the below objections apply and limit BSM's responses to each Discovery Request.

1. BSM objects to each one of Plaintiff's instructions to the extent the instruction imposes obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's order(s), or other applicable authority.

2. BSM objects to the Discovery Requests as premature. BSM has a pending Rule 12 motion and, as such, has not yet filed an answer to the operative Complaint. Accordingly, issues have not been joined in this case, and it is premature for BSM to respond to the Discovery Requests. By responding to any of the Discovery Requests herein, BSM is not waiving any objection that the Discovery Requests, or any particular Discovery Request, are premature.

3. BSM objects to the Discovery Requests to the extent any Discovery Request focuses solely on the merits of Plaintiff's claims and not on issues pertaining to class certification. In

proposed class actions, discovery prior to the decision on class certification should be strictly controlled to focus on issues related to class certification.  As such, BSM is not under an obligation to respond to Discovery Requests that do not pertain to the question whether a class should be certified in this case. By responding to any of the Discovery Requests herein, BSM is not waiving any objection that the particular Discovery Request does not pertain to class certification-related issues.

4. BSM objects to the definitions of "Defendant," "Bright Solar," and "You" to the extent that these definitions encompass individuals or entities not named in the lawsuit. For example, the proposed definitions purport to include "officers, directors, members, employees, agents, operators, representatives, attorneys, and/or any and all persons acting our purporting to act on its behalf," as well as "any predecessor, successor, or related entities that may be in possession of discoverable information."  BSM further objects to the term "related entities" as vague and ambiguous, as Freedom Forever has no idea what that term is intended to mean. BSM has no obligation to respond to Discovery Requests or produce documents within the possession, custody, or control of other individuals or entities not named in the lawsuit.

5. To the extent BSM agrees to produce any documents, BSM will produce responsive documents only upon the entry of a mutually agreeable protective order.


## <u>RESPONSES TO INTERROGATORIES</u>

1. Did You or did someone on Your behalf (including present or former contractors, vendors, agents, officers and/or employees) place a telephone call to the telephone number of Plaintiff or any person with the Telephone Number? If so, how many calls were placed and describe what records You consulted and procedures You undertook to enable You to answer "yes" to this interrogatory.

   **<u>ANSWER</u>: No.**


2. Were the calls placed to Plaintiff's Telephone Number for the purpose of promoting a business, goods and/or services? If not, why did You or someone on Your behalf call the Telephone Number?

   **<u>ANSWER</u>:** *See* **Response to Interrogatory #1.**


3. Please describe the factual circumstances that led to the call or calls to Plaintiff's Telephone Number, including how the Telephone Number was acquired or derived (e.g., from a bulk purchase of telephone numbers; from FOIA requests, skip tracing, or obtaining telephone numbers from public sources, such as police reports or court documents, or through Your or Your vendor's directory-assisted random-digit telephone

samples; using computerized lists; and random-digit-dialing (RDD) or some similar process).

**ANSWER:** *See* **Response to Interrogatory #1.**

4. Please state the full name, employer, most current business location address, job title and job description of the person (including present or former contractors, vendors, agents, officers and/or employees) placing the telephone call or calls identified in interrogatory no. 1.

   **ANSWER:** *See* **Response to Interrogatory #1.**

5. Please state the facts and documents You are aware of reflecting or evidencing that Plaintiff or anyone else provided prior express written consent to Defendant to receive telephone calls on Plaintiff's Telephone Number.

   **ANSWER: Because BSM did not make any telephone calls to Plaintiff, it has no facts or documents concerning prior express written consent.**

6. Please state the date of all telephone calls placed to Plaintiff's Telephone Number and please Identify the equipment and the software programs associated with each call.

   **ANSWER: BSM objects to this Interrogatory as vague and ambiguous in requesting a date for "all" telephone calls placed to Plaintiff's Telephone Number without regard to the person or entity making the alleged calls. Subject to and without waiving those objections, BSM states that it did not place any "telephone calls" to Plaintiff's Telephone Number and, therefore, has no information responsive to this Interrogatory.**

7. Please state the telephone numbers and caller IDs assigned to each piece of equipment used by Defendant or its marketers, sales representatives, agents, contractors or vendors to place telephone calls to Plaintiff and Class Members. This interrogatory includes equipment used to place the telephone calls to Plaintiff's Telephone Number.

   **ANSWER:** *See* **Response to Interrogatory #1.**

8. Please state the total number of outbound telephone calls placed to telephone numbers during the Relevant Time Period that Defendant's employees, marketers, sales representatives, contractors, vendors, related companies, and/or agents placed for the purpose of contacting potential customers relating to Defendant or products or services of Defendant or that Defendant promotes, including to each of the respected Classes.

**ANSWER: BSM objects to this Interrogatory as vague and ambiguous in its use of the undefined term "related companies," which is susceptible to multiple meanings and renders the Interrogatory incapable of an appropriate response.  Subject to and without waiving these objections, and as BSM understands this Interrogatory, BSM directs Plaintiff to its response to Interrogatory #1.**

9.  With respect to the telephone calls counted in Your response to interrogatory number 8, please state whether or not You or Your employees, marketers, sales representatives, contractors, vendors had prior express written consent from said persons to receive calls, and provide the total number of outbound telephone calls for which You have facts or evidence reflecting prior written express consent for Defendant to place telephone calls on his or her telephone number.

**ANSWER: BSM objects to this Interrogatory as overly broad and unduly burdensome.  Specifically, consent is an individualized issue that cannot be assessed at the general level this Interrogatory assumes.  Only by assessing each individual interaction involving a potential customer can the issue of consent be fully understood and analyzed.  Subject to and without waiving its objections, BSM directs Plaintiff to its response to Interrogatory #1.**

10. With respect to the telephone calls counted in Your response to interrogatories numbers 8 and 9, please identify the computer servers, desktops [sic] computers, the computer software, and the Databases (e.g. relational, SQL, etc…) utilized to retrieve the requested information for each interrogatory and describe the search methods used to retrieve the requested information for each interrogatory.

**ANSWER: Because BSM has no employees, computer software, computer equipment, and did not make any calls to Plaintiff, it has nothing it would rely upon to answer Interrogatory Nos. 8 and 9, and otherwise BSM directs Plaintiff to its response to Interrogatory #1.**

11. With respect to each outbound telephone call counted in Your response to interrogatory number 8, please describe how the telephone number called was acquired or derived (e.g., from a bulk purchase of telephone numbers; from FOIA requests, skip tracing, or obtaining telephone numbers from public sources, such as police reports or court documents, or through directory-assisted random-digit telephone samples; using computerized lists; and random-digit-dialing (RDD) or some similar process).

**ANSWER:** *See* **Response to Interrogatory #1.**

12. With respect to the outbound telephone calls counted in Your numerical responses to interrogatories 8 and 9, please state whether or not information regarding a potential

customer is searchable or retrievable via computer, or any other electronically stored information, including information regarding his or her telephone number, his or her name, the date a telephone call was placed to the person, the time a telephone call was placed to the person, and whether the telephone call was manually sent or sent using in whole or in part an Automatic Telephone Dialing System. As part of Your response, please identify the computer equipment (including servers and desktop computers), the computer software, and the Databases (e.g. relational, SQL, etc…) and search methodologies and queries utilized to search and retrieve the information.

**ANSWER:** *See* **Responses to Interrogatory #1 and Interrogatory #10.**

13. Please describe Your procedures and Your efforts used to ensure that compliance with the TCPA and TCPA-related regulations, and industry guidelines, including Do-Not-Call registry compliance and internal Do-Not-Call compliance, for placing telephone calls.

**ANSWER: Because BSM does not make "telephone calls," it has no need for such procedures.**

14. Identify the person or persons employed by or otherwise associated with Defendant responsible for receiving, maintaining, investigating, and responding to consumer complaints regarding the TCPA and Internal Do-Not-Call compliance, and/or its marketing practices.

**ANSWER: BSM objects to this Interrogatory on the basis that it is vague and ambiguous in its use of the undefined term "associated with Defendant," which is susceptible to multiple meanings and, therefore, renders the Interrogatory incapable of an appropriate response. Subject to and without waiving its objections, BSM states that because BSM does not have any employees, the answer is none.**

15. Describe in detail the circumstances of each investigation, disciplinary action, termination, and legal action (civil, criminal, or administrative) related to consumer complaints regarding the TCPA or Defendant's telemarketing practices and identify all case names and numbers, and Defendant's employees or agents associated with such legal actions, investigations, disciplinary actions or terminations. This interrogatory is limited to the last five years.

**ANSWER: BSM objects to this Interrogatory on the basis that it is vague and ambiguous in its use of the undefined term "consumer complaints," which renders the interrogatory incapable of an appropriate response. BSM further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Specifically, any persons who have been the subject of "investigations, disciplinary actions or terminations" have no relation to Plaintiff's claims in this lawsuit. Moreover, "consumer**

**complaints" – whatever Plaintiff means by that vague and undefined term – concerning "telemarketing practices" potentially embrace issues that are not alleged in Plaintiff's Complaint and, therefore, have no relevance to the allegations in this case. BSM further objects to the timeframe of this Interrogatory, as it requests information going back five years even though the statute of limitations under the TCPA is four years. Accordingly, for the reasons stated, BSM is unable to provide a response to Interrogatory #15.**

16. Identify the principal and material facts which you contend establish that you had consent to place the each of the Subject Phone Calls to Plaintiff and Phone Calls to the potential Class Members.

      **ANSWER: BSM objects to this Interrogatory as overly broad and unduly burdensome. Specifically, consent is an individualized issue that cannot be assessed at the general level this Interrogatory assumes. Only by assessing each individual interaction involving a potential customer can the issue of consent be fully understood and analyzed. Subject to and without waiving its objections, BSM directs Plaintiff to its response to Interrogatory #1.**

17. Describe with specificity your relationship with Freedom Forever, LLC, including the principal and material facts as to how and why Freedom Forever, LLC responded to Plaintiff's pre-suit notice letter that was sent to Defendant.

      **ANSWER: Subject to and without waiving its objections, BSM states that Freedom Forever, LLC, is the parent company of Bright Solar Marketing, LLC, the named Defendant in this case. Because Bright Solar Marketing, LLC has no employees or operations of its own, its parent company, Freedom Forever, LLC, responded to the alleged pre-suit notice letter.**

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. Documents, including Call Details, relating to telephone calls placed to the Telephone Number of Plaintiff.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

2. Documents, including screen shots of all databases, computer systems, CRM software interfaces, regarding, involving, mentioning, or pertaining to Plaintiff or any person with Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

3. All communications, including internal communications, e-mails, chats, or logs regarding, involving, mentioning, or pertaining to Plaintiff or any person with Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

4. All documents and information pertaining to the named Plaintiff, including any documents or communications provided to you, or exchanged between you, and any third party or the Plaintiff, including Freedom Forever, LLC.

**<u>ANSWER</u>:  Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

5. All documents and communications exchanged between you and Freedom Forever, LLC regarding, discussing, or pertaining to Plaintiff's Telephone Number or Plaintiff.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

6. Documents showing the reasons why Defendant placed telephone calls to the Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

7. Documents showing how Defendant acquired Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

8. Any and all documents that refer to, that were directed to, or that were received from, Plaintiff.

**<u>ANSWER</u>: Because Bright So lar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


9.  Any and all documents that reflect written communications with Plaintiff.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


10. Documents reflecting that Plaintiff solicited telephone calls from Defendant to Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


11. Documents reflecting that Plaintiff provided prior express written consent or prior express consent to Defendant to receive telephone calls on Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


12. Documents reflecting that Plaintiff has had a prior existing business relationship with Defendant, that Plaintiff previously utilized the goods or services of Defendant, or that Defendant previously interacted with Plaintiff.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


13. Documents reflecting that all telephone [sic] placed to Plaintiff's Telephone Number had prior express consent to place such telephone calls.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


14. Call Detail records/logs for all telephone calls placed to and received by Plaintiff's Telephone Number.

**<u>ANSWER</u>: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

15. Documents describing the software used to call or that assisted in the calling of Plaintiff's Telephone Number, for purposes relating to Defendant's business.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

16. Documents stating the identity of the owner or subscriber for each of the telephone numbers that placed a call to Plaintiff.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

17. Documents showing all Call Details, including in-bound and out-bound telephone calls, pre-written telephone calls, for Plaintiff's Telephone Number.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

18. Documents showing all Call Details, including in-bound and out-bound telephone calls, pre-written telephone calls, for each of the telephone numbers that placed a call to Plaintiff's Telephone Number.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

19. Documents showing your calling bills and calling history, by month and calls placed and received for each of the telephone numbers that placed a call to Plaintiff's Telephone Number.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

20. Documents reflecting Your policies and procedures relating to the calling of Defendant's prior customers or telephone numbers of potential customers, including any policies and procedures, sales scripts, memoranda, or instructions of any kind provided to, or exchange between, any third-party marketer, vendor, or sales representative or agent of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

21. Documents reflecting Your policies and procedures relating to the number of times You call potential customers until You deem a customer uninterested in your products or services.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

22. Documents reflecting Your policies and procedures relating to the maximum or minimum number of times You call potential customers on a daily basis, weekly basis and monthly basis to solicit potential customers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

23. Documents that refer or relate to instructions You provide your employees or agents that place telephone calls on your behalf soliciting your products and services to potential customers that refer or relate to calling strategies, sales tactics, sales methods and similar information.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

24. Records of all telephone calls placed by or on behalf of Defendant during the Relevant Time Period to potential customers, including records identifying the number of calls placed by any third-party marketer, vendor, related company, or sales representative or agent of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

25. Records of all telephone calls placed by or on behalf of Defendant during the Relevant Time Period to potential customers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

26. Records identifying all leads or customers acquired by or on behalf of Defendant during the Relevant Time Period due to sales calls placed by any third-party marketer, vendor, sales representative or agent of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

27. Records identifying all leads or customers acquired by or on behalf of Defendant during the Relevant Time Period due to sales calls placed by Defendant's call centers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

28. Records identifying all leads or customers acquired by or on behalf of Defendant during the Relevant Time Period due to sales calls placed by Defendant's agents, employees, and or third-party lead generators.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

29. All communications, e-mails, contracts, agreements, invoices, billing records, lead lists or lead information regarding or pertaining to the named Plaintiff, including all documents and information provided to, or exchanged between, Defendant and any entity regarding the named Plaintiff.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

30. All communications, e-mails, and other documents sent to or from Steven Wysong regarding or pertaining to the named Plaintiff, including all documents and information provided to, or exchanged between, Defendant and any entity regarding the named Plaintiff.

**ANSWER: BSM objects to this Request on the basis that it seeks documents from a non-party to the case. Mr. Wysong is not an employee of BSM. Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

31. All communications, e-mails, and other documents sent to or from stwysong@freedomforever.com regarding or pertaining to the named Plaintiff, including all documents and information provided to, or exchanged between, Defendant and any entity regarding the named Plaintiff.

**ANSWER: BSM objects to this Request on the basis that it seeks documents from a non-party to the case.  Mr. Wysong is not an employee of BSM.  Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request**.

32. All communications, e-mails, and other documents sent to or from stwysong@freedomforever.com regarding or pertaining to alleged TCPA violations, unwanted calls, or telemarketing complaints.

**ANSWER: BSM objects to this Request on the basis that it seeks documents from a non-party to the case.  Mr. Wysong is not an employee of BSM.  Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request**.

33. All communications, e-mails, and other documents sent to or from legal@freedomforever.com regarding or pertaining to the named Plaintiff, including all documents and information provided to, or exchanged between, Defendant and any entity regarding the named Plaintiff.

**ANSWER: BSM objects to this Request on the basis that it seeks documents from a non-party to the case.  Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

34. All communications, e-mails, and other documents sent to or from legal@freedomforever.com regarding or pertaining to alleged TCPA violations, unwanted calls, or telemarketing complaints.

**ANSWER: BSM objects to this Request on the basis that it seeks documents from a non-party to the case.  BSM further objects to this Request as vague and ambiguous on the basis that the undefined terms "unwanted calls" and "telemarketing complaints" are susceptible to multiple interpretations and, therefore, render the Request incapable of a proper response. Subject to and without waiving these objections, BSM states that because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

35. Documents reflecting Your procedures and Your efforts used to ensure compliance with the TCPA, and TCPA-related regulations for telephone calls made by you or on your behalf, whether made by you directly or through the use of third parties.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

36. Documents reflecting Your procedures and Your efforts used to ensure that calls are not placed to customers or potential customers who have requested to no longer be contacted by you or on your behalf, whether made by you directly or through the use of third parties.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

37. Documents reflecting Your procedures and Your efforts to ensure compliance with industry guidelines for placing telephone calls to cellular telephones or cellular telephone numbers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

38. Copies of memoranda, policies, procedures, guidelines, e-mails, notes, presentations, handouts, seminar or conference materials Your employees received or have been in possession of that in whole or part discuss TCPA, Do-Not-Call registry, internal Do-Not-Call compliance or guidelines on calling cellular telephones or cellular telephone numbers of potential customers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

39. Documents, including technical manuals, training manuals, presentations, or user guides, describing any dialing system used to place or dial or used to assist in the placing or dialing of outbound telephone calls to cellular telephones of customers or potential customers of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

40. Documents, including technical manuals, presentations, or user guides, describing any software programs used to place or dial or to assist in the placement of telephone calls to cellular telephone numbers of customers or potential customers of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

41. Documents that reflect Defendant or Defendant's vendors, marketers, or sales representative's use, ownership, or licensing of software programs used to send or to assist in the placing of outgoing telephone calls to cellular telephones of customers or potential customers of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


42. Copies of the contracts and agreements (including all attachments and addenda) that You have entered with any vendor, marketer, sales representative, agent or contractor that provides for said person(s) or entity's placement of outbound telephone calls to customers or potential customers of Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


43. All sales literature, sales scripts, or sales materials pertaining to calls placed to, or interactions with, potential customers of Defendant, included any such materials provided to any third-party vendor or third contractor.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


44. All policies, procedures, or guidelines pertaining to the placement of calls to, or interactions with, potential customers of Defendant, included any such materials provided to any third-party vendor or third contractor.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


45. All e-mails and communications between You and any third-party regarding the allegations in Plaintiff's Complaint.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**


46. All internal e-mails and communications between your employees, agents, and/or representatives regarding the allegations in Plaintiff's Complaint.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

47. With respect to the vendors, marketers, sales representatives, contractors, or agents that entered contracts or agreements with You, produce copies of the schemas or file and record layout of any Database containing fields showing the Call Details of outbound telephone calls to cellular telephones.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

48. With respect to the vendors, marketers, sales representatives, contractors, or agents that entered contracts or agreements with You, produce copies of the schemas or file and record layout of any Database containing fields showing the Call Details of outbound telephone calls to each of the respective Classes.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

49. An electronic file in Native Format that shows the Call Details for outbound telephone calls sent to each telephone number in the respective Classes.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

50. Documents showing that Defendant obtained the prior express written consent of the cellular telephone users who Defendant or someone on behalf of Defendant placed telephone calls to each telephone number in the respective Classes.

**ANSWER: BSM objects to this Request as overly broad and unduly burdensome. Specifically, consent is an individualized issue that cannot be assessed at the general level this Request assumes. Only by assessing each individual interaction involving a potential customer can the issue of consent be fully understood and analyzed. Accordingly, it is not possible for BSM to produce documents "showing that Defendant obtained the prior express written consent" for every member of the proposed classes. Subject to and without waiving these objections, BSM states that because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

51. Documents showing each person and telephone number that is on Defendant's Internal DNC list, or otherwise identifying each person or telephone number who communicated to Defendant that they no longer wished to receive telephone calls from Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

52. Documents sufficient to identify each account or profile in Defendant's customer relationship management system that included a note, comment or checkbox that indicates the account or profile no longer wished to receive telephone calls from Defendant. This includes comments or notes written by an employee, agent or representative of Defendant such as DNC, Do Not Call, Stop Calling, or any other note or comment having the same or similar meaning.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

53. For each person or telephone number identified in response to request 46 above, documents sufficient to show the date when each person and telephone number that is on Defendant's Internal DNC list was placed on Defendant's Internal DNC list.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

54. For each person or telephone number identified in response to request 48 above, documents sufficient to show the date when the comment, note, or check box was made, entered and/or selected.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

55. Documents sufficient to show the number of telephone calls placed to the telephone numbers or persons identified in response to request 46 above, after that telephone number or person was placed on Defendant's Internal Do-Not-Call list.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

56. Documents sufficient to show the number of telephone calls placed to the telephone numbers or persons identified in response to request 47 above, after that telephone

number or person's account or profile was notated that the person no longer wished to receive telephone calls from Defendant.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

57. For each person or telephone number identified in response to request 46 and 47 above, documents and Call Details showing each person or telephone number that was called, the date(s) the call(s) were placed, and the total number of calls to each of these individuals or telephone numbers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

58. All marketing lead lists for your potential customers.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

59. Documents describing Defendant's processes and procedures for acquiring and determining which cellular telephone numbers to call to reach potential customers for purposes of Defendant's business.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

60. Documents reflecting complaints or inquiries from both federal and state governmental agencies regarding Defendant's alleged non-compliance with the TCPA.

**ANSWER: BSM objects to this Request on the basis that it is vague and ambiguous. Specifically, BSM objects to this Request as vague and ambiguous in its use of the undefined terms "complaints" and "inquiries," which are subject to multiple interpretations. BSM further objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. A "complaint" or "inquiry" regarding "alleged non-compliance with the TCPA" could mean many different things other than alleged DNC violations, which is the specific basis for Plaintiff's lawsuit. BSM will not search for or produce documents regarding "alleged non-compliance with the TCPA" that do not pertain to alleged DNC violations. Subject to and without waiving its objections, BSM states that because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

61. Documents, including demand or notice letters, complaints, answers, class certification rulings, orders on motions to dismiss, settlement agreements, and final judgments filed in lawsuits alleging Defendant's noncompliance with the TCPA.

**ANSWER: BSM objects to this Request on the basis that it is vague and ambiguous. Specifically, BSM objects to this Request as vague and ambiguous in its use of the undefined terms "complaints" and "inquiries," which are subject to multiple interpretations. BSM further objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. A "complaint" or "inquiry" regarding "alleged non-compliance with the TCPA" could mean many different things other than alleged DNC violations, which is the specific basis for Plaintiff's lawsuit. BSM will not search for or produce documents regarding "alleged non-compliance with the TCPA" that do not pertain to alleged DNC violations. Subject to and without waiving its objections, BSM states that because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

62. Documents, including copies of complaints or inquiries from actual or potential customers, regarding alleged calls placed to the potential customers' cellular telephones or cellular telephone numbers.

**ANSWER: BSM objects to this Request on the basis that it is vague and ambiguous. Specifically, BSM objects to this Request as vague and ambiguous in its use of the undefined terms "complaints," "inquiries," and "potential customers," which are subject to multiple interpretations. BSM further objects to this Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. A "complaint" or "inquiry" from a "potential customer" – whatever that vague term is intended to mean – could mean many different things other than alleged DNC violations, which is the specific basis for Plaintiff's lawsuit. BSM will not search for or produce documents regarding "alleged non-compliance with the TCPA" that do not pertain to alleged DNC violations. Subject to and without waiving its objections, BSM states that because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

63. An organizational chart for Defendant listing managers, divisions, officers and directors.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

64. A copy of the insurance policies covering Defendant for violation(s) of the TCPA.

**ANSWER: Subject to and without waiving its objections, BSM refers Plaintiff to its Initial Disclosures and incorporates that response herein.**

65. A copy of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" and/or that otherwise afford coverage for the claims in the instant action. Fed. R. Civ. P. 26(a)(i)(A)(iv).

**ANSWER: Subject to and without waiving its objections, BSM refers Plaintiff to its Initial Disclosures and incorporates that response herein.**

66. All call recordings or transcripts of calls with Plaintiff or with Plaintiff's Telephone Number.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

67. Documents identified in Defendant's Rule 26 Disclosures.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

68. Documents that You contend support Your affirmative defenses.

**ANSWER: BSM objects to this Discovery Request as premature. BSM has a pending Rule 12 motion and, as such, has not yet filed an answer to the operative Complaint and, therefore, has no identified or pleaded any defenses, "affirmative" or otherwise. Accordingly, issues have not been joined in this case, and it is premature for BSM to respond to a Discovery Request concerning "affirmative defenses." BSM reserves the right to supplement its response to this Discovery Request at an appropriate time.**

69. Documents that describe your general retention practices for call records/logs and preservation efforts.

**ANSWER: BSM objects to this Discovery Request on the basis that it is overly broad, unduly burdensome, and is unlikely to lead to the discovery of admissible evidence. Specifically, there is no allegation in the operative Complaint regarding BSM's "retention practices" or "preservation efforts," and a Discovery Request seeking information on such subjects is harassing and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, BSM states that**

**because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

70. Documents related to Defendant's efforts, if any, to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM has no documents responsive to this Request.**

### RESPONSES TO STATEMENTS OF FACT TO BE ADMITTED OR DENIED

1. Plaintiff has no prior existing business relationship with Defendant.

**ANSWER: Admitted.**

2. Plaintiff did not provide Defendant with his consent to be called for every call placed to Plaintiff.

**ANSWER: Denied.**

3. Defendant's telephone number is (512) 615-2636.

**ANSWER: Upon reasonable investigation, unable to admit or deny.**

4. Plaintiff instructed Defendant to stop callling [sic] him on at least one time.

**ANSWER: Denied.**

5. Plaintiff instructed Defendant to stop callling [sic] him on April 21, 2023.

**ANSWER: Denied.**

6. Plaintiff instructed Defendant to stop callling [sic] him on April 29, 2023.

**ANSWER: Denied.**

7. Plaintiff instructed Defendant to stop callling [sic] him on May 1, 2023.

**ANSWER: Denied.**

8.  Plaintiff instructed Defendant to stop callling [sic] him on May 2, 2023.

**ANSWER: Denied.**

9.  Plaintiff instructed Defendant to stop callling [sic] him on May 2, 2023.

**ANSWER: Denied.**

10. Defendant's customer relationship management system includes a comment or notation that Plaintiff did not wish to receive further calls.

**ANSWER: Denied.**

11. Defendant placed called [sic] to Plaintiff after Defendant's customer relationship management system reflected that Plaintiff did not wish to receive further calls.

**ANSWER: Denied.**

12. Defendant's customer relationship management system includes a note that Plaitniff [sic] did not wish to receive further calls.

**ANSWER: Denied.**

13. Defendant placed calls to Plaintiff after Defendant's customer relationship management system noted that Plaintiff did not wish to receive further calls.

**ANSWER: Denied.**

14. Defendant's telephone system is not programmed to prevent Defendant from calling a telephone number that is on Defendant's Internal Do-Not-Call list.

**ANSWER: Denied.**

15. Defendant's telephone system is not programmed to prevent Defendant from calling a telephone number associated with an account that incldues [sic] a comment that the individual associated with that telephone number does not want any further calls.

**ANSWER: Denied.**

16. Defendant's telephone system is not programmed to prevent Defendant from calling a telephone number associated with an account that includes a note that the individual associated with that telephone number does not want any further calls.

**ANSWER: Denied.**

17. Defendant knows that putting consumers on its Internal Do Not Call list will not completely stop the calls.

**ANSWER: Denied.**

18. Defendant knows that its representatives may call consumers without first reviewing consumer accounts for do-not-call flags.

**ANSWER: Denied.**

19. Defendant knows that its representatives may call consumers without first reviewing consumer accounts for do-not-call comments.

**ANSWER: Denied.**

20. Defendant knows that its representtaives [sic] may call consuemrs [sic] without first reviewing consumer accounts for do-not-call notes.

**ANSWER: Denied.**

21. Defendant allows multiple representatives to call the same potential consumer.

**ANSWER: Denied.**

22. Plaintiff received telephone calls from different represetnatives [sic] of Defendant.

**ANSWER: Denied.**

23. During the Relevant Time Period Defendant, or someone on Defendant's behalf, placed Phone Calls to Plaintiff.

**ANSWER: Denied.**

24. Defendant or someone on Defendant's behalf placed telephone calls to more than 40 persons or entities during the Relevant Time Period.

**ANSWER: Denied.**

25. Defendant or someone on Defendant's behalf placed telephone calls promoting Defendant's business to more than 40 persons or entities during the Relevant Time Period.

**ANSWER: Denied.**

26. Prior to October 4, 2020, You had knowledge of the TCPA.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM denies this Request.**

27. Prior to October 4, 2020, You had knowledge of the Do-Not-Call Registry.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM denies this Request.**

28. Prior to October 4, 2020, You had knowledge of your requirement to have a written policy pertaining to "do not call" requests.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM denies this Request.**

29. You or someone on your behalf placed the Subject Calls to Plaintiff.

**ANSWER: Denied.**

30. You did not have written express written consent to place the Phone Calls to more than 40 cellular phone users.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, BSM denies this Request.**

31. You placed Phone Calls to more than 40 cellular phone users after they requested that you stop calling them.

**ANSWER: Denied.**

32. Defendant continued to call Plaintiff after he expressly told Defendant to stop calling him.

**ANSWER: Denied.**


33. You have records that identify the number of people who received marketing telephone calls from you or on your behalf during the Relevant Time Period.

**ANSWER: Denied.**


34. Your third-party vendors have provided you records that identify the number of people who received marketing telephone calls on your behalf during the Relevant Time Period.

**ANSWER: Denied.**


35. The number of potential Internal DNC Class Members is greater than 50.

**ANSWER: Denied.**


36. The number of potential Internal DNC Class Members is greater than 100.

**ANSWER: Denied.**


37. Defendant is operated by Freedom Solar.

**ANSWER: BSM objects to this Discovery Request on the ground that it is vague and ambiguous. Specifically, the undefined term "operated by" is subject to multiple interpretations and, therefore, does not permit BSM to provide a meaningful response to this Request. Subject to and without waiving these objections, denied.**


38. You have records that identify the number of people who received marketing telephone calls from you or on your behalf during the Relevant Time Period.

**ANSWER: Denied.**


39. Your business records identify the name, address, telephone number, and email address of people who received marketing telephone calls on your behalf during the Relevant Time Period.

**ANSWER: Denied.**


40. Your business records identify the name, address, telephone number, and email address of people who placed marketing telephone calls on your behalf during the Relevant Time Period.

**ANSWER: Denied.**

41. The size of the class and identify [sic] of Class Members may be determined from Your or your vendor's business records.

**ANSWER: Denied.**

42. The marketing telephone calls placed to Plaintiff and Class Members during the Relevant Time Period were sent using the same uniform method.

**ANSWER: Because BSM did not place any telephone calls to "Plaintiff and Class Members during the Relevant Time Period," BSM is unable to admit or deny this Request.**

43. The Subject Calls placed to Plaintiff violated the TCPA and its regulations.

**ANSWER: Denied.**

44. Defendant has not registered pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations.

**ANSWER: Because Bright Solar Marketing, LLC has no employees or operations of its own, and because BSM does not "provide telephone solicitations," admitted.**

DATED:        March 24, 2025.

By: *s/ Barry Goheen*
William J. Akins
State Bar No. 24011972
PIERSON FERDINAND LLP
2021 Guadalupe Street
10501 Crow Wing Cove, Suite 260
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

Barry Goheen (*Pro Hac Vice*)
PIERSON FERDINAND LLP
100 Mount Paran Ridge
Atlanta, GA 30327-3561

Telephone: (404) 703-3093
barry.goheen@pierferd.com

*Attorneys for Defendant, Bright Solar Marketing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2025, I electronically served the f oregoing on the

following counsel of record:

Chris Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
chris@crmlawpractice.com

Joshua H. Eggnatz
Eggnatz | Pascucci
7450 Griffin Road, Suite 230
Davie, FL 33314
JEggnatz@JusticeEarned.com
SGizzie@JusticeEarned.com

By: *s/ Barry Goheen*